UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Willie Harris, Jr., | ) | CASE NO: 4:12CV2481 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Eli Lilly & Company, et al., | ) | (Resolving Doc. 5) |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Defendants' motion to dismiss Plaintiff Willie Harris, Jr.'s complaint. The motion was filed October 10, 2012. A case management conference was convened on November 20, 2012. Neither plaintiff nor his counsel appeared at the conference. Subsequently, counsel opposed an award of fees related to that failure to appear, contending that the wrong email address was being utilized in the Court's electronic filing system. This opposition was filed on December 14, 2012. To date, however, counsel has never sought leave to oppose the motion to dismiss. The motion is GRANTED. The complaint is hereby DISMISSED.

**I. Facts**

Plaintiff Willie Harris, Jr. filed the instant complaint as administrator of the estate of Elizabeth Harris. Harris claims that the decedent was prescribed and utilized the drug Byetta. Harris effectively alleges that Defendants did not give strong enough warnings about the risk of acute hemorrhagic and necrotizing pancreatitis associated with Byetta. The complaint includes causes of action for 1) strict liability, 2) failure to warn, 3) breach

of express warranty, 4) breach of implied warranty, 5) negligence, 6) fraudulent misrepresentation, 7) fraudulent concealment, 8) violation of consumer protection statutes, 9) negligent misrepresentation, 10) loss of consortium, 11) punitive damages, and 12) exemplary damages. Defendants have moved to dismiss the complaint, alleging that it fails to comply with the Ohio Products Liability Act ("OPLA"). The Court now reviews that contention.

**II. Legal Standard**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th

Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)).  This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations.  *Id*.  Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions.  *Id.*  Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

## III. Analysis

A colleague on this Court has recently described the effect of the OPLA as follows:

> The Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. § 2307.71 et seq., applies to any recovery of compensatory, punitive, or exemplary damages based on a product liability claim. Ohio Rev.Code Ann. § 2307.72(A), (B). The statute defines a "product liability claim" as one "that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question" allegedly resulting from a manufacturing or design defect, inadequate warning, or nonconformance with manufacturer representations. *Id*. § 2307.71(A)(13). The statute specifically covers injuries resulting from the use of an "ethical drug[ ]," defined as "a prescription drug that is prescribed or dispensed by a physician or any other person who is legally authorized to prescribe or dispense a prescription drug." Id. § 2307.71(A)(4).
>
> …
>
> The OPLA expressly preempts all common law product liability claims. Ohio Rev.Code Ann. § 2307.71(B); *see also, Mitchell v. Proctor & Gamble*, 2010 WL 728222, at *3 (S.D.Ohio Mar. 1, 2010) ("[T]he OPLA eliminated common law product liability causes of action."). Specifically, Ohio district courts have held that neither negligence nor express or implied warranty claims are viable under the OPLA. *See e.g., Boroff v. ALZA Corp.*, 685 F.Supp.2d 704, 711 (N.D.Ohio 2010) (finding that the OPLA abrogates common law claims of breach of express warranty, negligence, and negligence per se); *Miller v. ALZA Corp.*, 759 F.Supp.2d

3

929, 943 (S.D.Ohio 2010) ("[C]ommon law warranty claims have also been abrogated by the OPLA....").

*Tolliver v. Bristol-Myers Squibb Co.*, 2012 WL 3074538, at *2 (N.D.Ohio July 30, 2012).

It is clear from the law above that Harris' common law claims of strict liability, negligence, breach of implied warranty, breach of express warranty, and violation of consumer protection statutes must be dismissed as abrogated by the OPLA. Furthermore, Harris' free-standing claims for punitive and exemplary damages must similarly be dismissed. It is also clear that the claims for fraudulent concealment, fraudulent misrepresentation, negligent misrepresentation, and failure to warn are pled as common law causes of action and similarly subject to dismissal.

These latter four claims, however, warrant closer examination because they could conceivably invoke provisions of the OPLA, albeit without the reference courts often prefer in pleadings.

The OPLA recognizes an inadequate warning claim if the manufacturer knew or should have known about a harmful risk associated with the product yet unreasonably failed to warn about that risk. Ohio Rev.Code Ann. § 2307.76(A). For ethical drugs such as Byetta, the OPLA requires that the manufacturer warn the prescribing physician, rather than the ultimate consumer. Id. § 2307.76(C). For a plaintiff to succeed on an inadequate warning claim, the risk about which the manufacturer allegedly failed to warn must be the same risk which harmed the plaintiff. Id. § 2307.76(A).

In the instant complaint, Harris appears to allege that Defendants failed to adequately warn physicians about the increased risk of hemorrhagic and necrotizing pancreatitis. However, the complaint also alleges that the Elizabeth Harris died of acute renal failure, calciphylaxis, and severe aortic valve stenosis. While the complaint lists

4

these complications in other portions, there is no reference to these conditions within the failure to warn claim. Thus, the only specific claim in the failure to warn claim relates to side effects that Harris has not alleged affected the decedent. Moreover, the remaining allegations in the failure to warn claims are simply broad sweeping allegations that Defendants claimed that Byetta was a safer alternative than other drugs. This does not state a cognizable claim. *See Tolliver*, at *4.

Similarly, the OPLA recognizes a claim if a product "did not conform, when it left the control of its manufacturer, to a representation made by that manufacturer." Ohio Rev.Code Ann. § 2307.77. The statute defines a "representation" as "an express representation of a material fact concerning the character, quality, or safety of a product." *Id.* § 2307.71(A)(14). To succeed on such a claim, a plaintiff must show that (1) the manufacturer made a representation as to a material fact relating to the character or quality of the product; (2) the product did not conform to that representation; (3) the plaintiffs justifiably relied on that representation; and (4) the plaintiffs' reliance on the representation was the direct and proximate cause of the plaintiffs' injuries. *Tolliver*, at *5.

In this regard, Harris appears to claim numerous representations were made, including that Byetta was safe for use when it was in fact not. This type of broad, all-encompassing statement cannot support a valid failure to conform claim. Harris' remaining claims must be similarly dismissed for a lack of specificity. Harris' claims on what representations were made vary from representing that the product was fit for use, that the product was effective for weight loss, that the product was safe and effective for patients with Type 2 Diabetes, and that Byetta provided the intended therapy without any

5

increase in pancreatic injury.  The complaint fails to identify when these representations were made by Defendants, when the decedent learned of the representations, who relayed the information to her, and how they induced her to rely on them.  In short, the complaint falls woefully short of informing Defendants of the specific allegations raised against them.

The fact that Harris alleged all these numerous statements and then simply included boilerplate language that they were false and actually relied upon only serves to highlight the need to reference the OPLA in pleading these claims.  Without some reference to the governing statute and its requirements, these claims cannot be defended.  As those references are not contained in the complaint or discernible clearly from the factual allegations, the claims must be dismissed.

**Conclusion**

Defendants' motion to dismiss for failure to state a claim is GRANTED.  The complaint is hereby DISMISSED.  Upon consideration, at this time, the Court will not impose attorney fees on Harris or his counsel for failure to appear at the CMC.

IT IS SO ORDERED

December 28, 2012                                           /s/ Judge John R. Adams
Date                                                        JUDGE JOHN R. ADAMS
                                                            UNITED STATES DISTRICT COURT

6